IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER MOORE

    Plaintiff,

vs.

CAPE COLLISION CENTER, LLC, a Florida Limited Liability Company, and PETER DELLAPORTA, Individually,

    Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER MOORE ("MOORE" or "Plaintiff") sues Defendants, CAPE COLLISION CENTER, LLC ("CCC"), and PETER DELLAPORTA, individually ("Mr. Dellaporta") (collectively "Defendants"), and states:

### NATURE OF ACTION

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### PARTIES

2. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

3. CCC was, and continues to be, a Florida limited liability company, engaged in the transaction of business in Lee County, Florida, with its principal place of business located at 1204 SE 10th St., Cape Coral, FL 33990.

4. Defendant, Mr. Dellaporta was, at all times material, the owner and Manager of CCC. Upon information and belief, Mr. Dellaporta is a resident of Lee County, Florida.

## JURISDICTION AND VENUE

5. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, the Court has subject matter jurisdiction under 28 U.S.C. §1331.

6. Defendants are engaged in the business of providing towing and automotive repair services in Lee County. Defendants' business activities within this judicial district are substantial and not isolated.

7. The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**Enterprise Coverage**

8. At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiff' "employer" and Plaintiff was an "employee" of Defendants.

9. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials moved through interstate commerce, including, but not limited to, vehicles, tools and equipment, and vehicle repair supplies, which were used directly in furtherance of Defendants' commercial activities.

10. At all times material, Defendants had gross sales volume of at least $500,000.00 annually.

11. At all times material, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

**Individual Coverage**

12. The FLSA individually covers Plaintiff because he was "engaged in commerce." Specifically, a substantial portion of Plaintiff's duties required communication with out of state customers, vendors, and suppliers. Plaintiff also regularly and recurrently used goods that traveled through interstate commerce to perform his work.

13. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by CCC.

**Individual Liability – Defendant Mr. Dellaporta**

14. At all times material hereto, Mr. Dellaporta was the Owner/Manager of CCC.

15. At all times material, Mr. Dellaporta regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of CCC.

16. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of CCC, Mr. Dellaporta is an employer as defined by 29 U.S.C. § 201, et. seq.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

17. Plaintiff, Mr. Moore, realleges Paragraphs 1 through 16 as if fully stated herein.

18. Plaintiff worked for Defendants as an "automotive technician" on two occasions. Defendants initially hired Plaintiff in or around January 2020. Plaintiff continued to work for Defendants until approximately September 2020. In June 2021, Plaintiff was again hired for the same position. Plaintiff's employment with Defendants ended in June 2022.

19. Plaintiff was an automotive technician. His primary duties were to service and repair customer vehicles.

20. From January 2020 until September 2020, Plaintiff was paid on a "flag rate" or "flat rate" basis.

21. From June 2021 until May 2022, Plaintiff was paid on an hourly basis. In May 2022, Plaintiff's pay was changed back to the "flag rate" basis through the end of his employment.

22. At all times material, Plaintiff's regular work schedule was six or seven days per week from 8:00 AM until either 8:00 or 10:00 PM. At times, Plaintiff also worked overnight to paint vehicles. Plaintiff regularly worked approximately 80 - 90 hours per week.

23. Beginning at the time Plaintiff was hired and continuing through present, Plaintiff worked hours and work weeks in excess of forty (40) hours per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

24. Plaintiff is entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

26. Defendants' actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith.

27. Pursuant to 29 U.S.C. 216 (b), Plaintiff is entitled to recover unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff, CHRISTOPHER MOORE, respectfully requests the following relief:

  a. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207;
  b. Unpaid overtime compensation;
  c. Liquidated damages;
  d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);
  e. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: December 6, 2022

                                        Respectfully submitted,

                                        /s/ Jason L. Gunter  
                                        Jason L. Gunter  
                                        Fla. Bar No. 0134694  
                                        Email: Jason@GunterFirm.com  
                                        Conor P. Foley  
                                        Fla. Bar No. 111977  
                                        Email: Conor@GunterFirm.com

                                        **GUNTERFIRM**  
                                        1514 Broadway, Suite 101  
                                        Fort Myers, FL 33901  
                                        Tel: 239.334.7017